### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

JAXON PASTORE

      Plaintiff,

v.                                                                  Civ. No. 20-913 WJ/GBW

CATRON COUNTY COMMISSION
OFFICE BOARD OF COUNTY
COMMISSIONERS, *et al.*,

      Defendants.

### ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendants' Unopposed Motion to Stay Discovery Pending Resolution of County Defendants' Motion for Partial Judgment on the Pleadings on the Basis of Qualified Immunity. *Doc. 40.* The Court, having reviewed the motion (*doc. 40*) and Plaintiff's response (*doc. 41*), noting Plaintiff's lack of opposition to staying discovery for the pendency of Defendants' motion for partial judgment on the pleadings, and being otherwise fully apprised as to the matter, GRANTS the motion.

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties

reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

When Defendants moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6), *see doc. 39*, they also filed the instant motion to stay discovery during the motion's pendency, *see doc. 40*. In his response to the instant motion, Plaintiff does not oppose staying discovery for the pendency of the motion for partial judgment on the pleadings but requests "the opportunity to discovery [sic] of specific materials and depositions to fairly defend his position and substantiate his

claims" under Federal Rule of Civil Procedure 56(d) if the Court converts Defendants' motion into a motion for summary judgment or his First Amended Complaint survives Defendants' motion and Defendants subsequently file a motion for summary judgment. *See doc. 41* at 6–7.  Plaintiff's request is premature as the Court has not yet decided o consider the evidence Defendants have attached to their motion for judgment on the pleadings nor have Defendants moved for summary judgment.

In light of the above, the Court hereby GRANTS the Motion but reserves ruling on whether Plaintiff would be entitled to any discovery under Fed. R. Civ. P. 56(d) should the Court convert Defendants' motion for judgment on the pleadings into a motion for summary judgment or Plaintiff's First Amended Complaint survive Defendants' motion for judgment on the pleadings and Defendants file a motion for summary judgment.  Discovery is HEREBY STAYED for the pendency of Defendants' Motion for Partial Judgment on the Pleadings on the Basis of Qualified Immunity (*doc. 39*).  The Rule 16 Scheduling Conference set for March 9, 2021 is HEREBY VACATED to be reset by the Court after the stay is lifted.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

3