IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAXON PASTORE,

    Plaintiff,

        vs.                                                No. 2:20-CV-913-WJ-GBW

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CATRON and KENNETH ADAIR

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

THIS MATTER comes before the Court following Plaintiff's Motion for Partial Reconsideration, Doc. 61 (the "Motion"), of the Court's recent Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment. Doc. 59 (the "Order"). Both Plaintiff and Defendants have since appealed the Court's Order, and the Tenth Circuit subsequently abated both appeals pending the Court's resolution of the Motion. Doc. 75. Having reviewed the applicable law and the pleadings, the Court finds that the Motion is not well-taken and is, therefore, **DENIED**.

## LEGAL STANDARD

A motion for reconsideration is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* A motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v.*

1

*Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd by* 43 F.3d 1484 (10th Cir. 1994). In other words, such motions are not appropriate if the movant's only purpose is to have the reviewing court revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## DISCUSSION

Through the instant Motion, Plaintiff seeks to have the Court reconsider its grant of partial summary judgment as to Plaintiff's Fourth Amendment unreasonable seizure claim. According to Plaintiff, by granting qualified immunity to Defendant Adair, the Court "egregiously prejudiced Plaintiff's position," thereby "not comport[ing] with the doctrine of stare decisis." Plaintiff does not contest, however, the Court's grant of summary judgment as to Plaintiff's retaliation or negligent hiring and training claims.

Having reviewed Plaintiff's motion, the Court finds that Plaintiff has not introduced any change in the controlling authority, presented new evidence previously unavailable, or demonstrated that the order was clearly erroneous or involved a misunderstanding of law. Rather, the overwhelming majority of Plaintiff's Motion—sixteen pages in length—is his attempt to "re-educate" the Court on the law of trespass, consent, "clearly established law," unlawful detention, and stare decisis. Doc. 61 at 1. Plaintiff asserts that "[i]f Plaintiff had suspected this Court would be so misled by Defendants' misrepresentation of trespass law, Plaintiff would have requested [sic] leave of court to file a surreply to better guide this Court in its understanding prior to its issuing an order." Doc. 61. at 2. However, simply restating the law will not dissuade the Court from its prior rulings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Moreover, if the

Court was so "misled by Defendants' misrepresentation of trespass law" as argued by Plaintiff, then the Tenth Circuit can surely offer a better guide to this Court in understanding trespass law.

**THEREFORE,** Plaintiff's Motion to Reconsider (Doc. 61) is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**